UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>TALAVERA COCINA MEXICANA, et al.,<br><br>Defendants. | Case No. 23-cv-04536-PHK<br><br>**FURTHER ORDER TO SHOW CAUSE**<br><br>Re: Dkts. 38, 39, and 40 |

## RELEVANT FACTUAL BACKGROUND

On September 1, 2023, Plaintiff Richard Sepulveda filed the instant Complaint in this action against Defendants Talavera Cocina Mexicana and Brodsky Family Properties, LLC (collectively "Defendants"). [Dkt. 1]. On October 6, 2023, Defendants filed an Answer to the Complaint. [Dkt. 8]. The Answer was filed by Attorney Andrew Gabriel, who thereby entered appearance in this case for both Defendants. *Id.* Per the Court's procedures, the Parties were thereafter tasked with several deadlines set by the Scheduling Order. [Dkt. 4]. After this case was reassigned from Chief Magistrate Judge Ryu to the undersigned on October 26, 2023, the Court issued a Text Order requiring the Parties to continue their duties under the initial Scheduling Order. Dkt. 16 ("All dates set in the Initial Case Management Scheduling Order, dkt. 4, have not been vacated due to the reassignment, dkt. 12. As such, the Parties are still under the Initial Case Management Scheduling Order.").

On May 1, 2024, Plaintiff filed a status report which indicated that in March 2024 Defendants' counsel, Andrew Gabriel, had been badly injured in a shooting. [Dkt. 20 at 1]. Plaintiff stated in the status report that he could not contact Defendants' Attorney Gabriel after their last

1  phone call on February 23, 2023. *Id.* at 1–2. In light of the status report, the Court set an in-person
2  status conference for June 10, 2024. [Dkt. 21].

3  At the status conference, counsel for Plaintiff entered an appearance. [Dkt. 24]. Defendants'
4  counsel did not appear. *Id.* The "Court provided notice that court staff received correspondence
5  from Defense counsel's staff regarding non-appearance of Defense counsel due to a medical
6  emergency." *Id.* In light of the non-appearance and posture of the case, the Court ordered both
7  Parties to file a joint status report by July 1, 2024, and the Court scheduled a further status conference
8  for July 8, 2024. *Id.* The status conference was subsequently reset to July 16, 2024. [Dkt. 26].

9  At the July 16 status conference, both Parties appeared (including attorney Gabriel appearing
10 for the Defendants), and after discussion with counsel for the Parties, the Court ordered the Parties
11 to submit a joint status report on the status of the case and mediation by August 2, 2024. [Dkt. 27].
12 That August 2 status report indicated that "[t]he parties have agreed to conduct the mediation in this
13 matter with the assistance of the court-appointed mediator[.]" [Dkt. 29]. The ADR phone
14 conference held on October 14, 2024, did not lead to the resolution of the case. [Dkt. 35]. Given
15 that lack of resolution, the Court scheduled the Initial Case Management Conference for December
16 3, 2024. [Dkts. 36, 37].

17 On November 27, 2024, Plaintiff filed a status report which stated that, on October 21, 2024,
18 Defendants' counsel indicated to Plaintiff, via email, that he might be withdrawing as counsel for
19 the Defendants in this case. [Dkt. 38]. Additionally, the status report stated that Plaintiff received
20 no further communication from Attorney Gabriel after October 21, 2024. *Id.* At no time has
21 Attorney Gabriel filed any motion with the Court seeking to withdraw as counsel for the Defendants
22 in this case, nor has any substitution of counsel for the Defendants ever been filed.

23 The Court held the Initial Case Management Conference on December 3, 2024, where
24 Plaintiff appeared, but Defendants' counsel did not appear. [Dkt. 39]. The Court issued an Order
25 to Show Cause as to Attorney Gabriel's non-appearance at the Initial Case Management Conference.
26 *Id.* The Court ordered Attorney Gabriel to respond to the Order to Show Cause in writing by
27 December 27, 2024, and the Court set the Order to Show Cause hearing for January 21, 2025.
28 Attorney Gabriel and Defendants failed to file a written response to the December 3, 2024, Order to

1    Show Cause (and has failed to file any response at all, as of the date of this Order).

2        On January 10, 2025, Court staff sent a courtesy email to Attorney Gabriel's email address of record reminding him that the deadline to respond to the Court's December 3 Order to Show Cause had passed. Attorney Gabriel never responded to that email. On January 21, 2025, the Court held the hearing on the Order to Show Cause and Attorney Gabriel again failed to attend this noticed hearing. [Dkt. 40]. On the morning of and prior to the January 21, 2025, Order to Show Cause hearing, Court staff telephoned Attorney Gabriel at his telephone number of record as a courtesy to determine why he had not arrived at the Court and why he had not checked in for the hearing. Attorney Gabriel's staff indicated that Attorney Gabriel was in another unspecified hearing in another unidentified case and would not join this Court's hearing on the Order to Show Cause.

    As of the date of this Order, Attorney Gabriel has not filed any response to the Court's December 3, 2024, Order to Show Cause, has not filed any response to the January 10, 2025, courtesy email, has not filed any response to Plaintiff's November 27, 2024, status report, has not filed a motion to withdraw as counsel for Defendants, and has not filed a substitution of counsel for Defendants.

## DISCUSSION

    Courts may impose sanctions against an attorney personally. *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *6 (N.D. Cal. Jan. 7, 2025). A court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996) (citing *Trust Corp. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983)). Whether to impose sanctions is subject to the Court's sound discretion. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988). Federal Rule of Civil Procedure 16(f) provides that, on its own motion, "the court may issue any just orders . . . if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Since the purpose of the rule is "to encourage forceful judicial management," courts have broad discretion to sanction attorneys and parties who fail to comply with the court's reasonable case management orders. *Alutiq Int'l*

3

*Solutions, LLC v. Lyons*, 2012 WL 7801695, at *3 (D. Nev. Sep. 18, 2012) (citing *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986)); *see also* Civil L.R. 3-9 ("Sanctions (including default or dismissal) may be imposed for failure to comply with local rules."). Moreover, federal courts have inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice," and to maintain "the authority and dignity of the court." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67 (1980) (citations omitted).

As discussed in the factual summary above, Attorney Gabriel has repeatedly failed to comply with his duties to abide by Court-imposed schedules and Court Orders. Attorney Gabriel has never explained his failure to communicate with Plaintiff's counsel to conduct the tasks required by the initial Scheduling Order. Attorney Gabriel has never responded to either of Plaintiff's status reports indicating his failures to communicate and his failures to defend this case. Attorney Gabriel has never explained why he failed to appear at the noticed Initial Case Management Conference. Attorney Gabriel never responded to the Court's December 3 Order to Show Cause, either in writing or by presenting himself to the Court as required. Attorney Gabriel has never responded to the courtesy email and phone call from the Court's staff regarding deadlines he missed. And Attorney Gabriel failed to appear at the noticed January 21, 2025, Order to Show Cause hearing.

The Court has demonstrated extreme patience and lenience towards Attorney Gabriel because of his reported physical injuries, but it has been at least **six months** since that injury and Attorney Gabriel has never indicated that he was having difficulty responding to the Court's Orders and deadlines based either on his medical condition or for any reason at all. Attorney Gabriel has simply failed to communicate, in direct violation of this Court's Orders, Standing Orders, the Civil Local Rules, the Northern District's Guidelines for Professional Conduct, Federal Rule of Civil Procedure 16(f), and the California Rules of Professional Conduct (including Cal. R. Prof. Conduct 1.3 ("A lawyer shall not intentionally, repeatedly, recklessly or with gross negligence fail to act with reasonable diligence in representing a client. For purposes of this rule, 'reasonable diligence' shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer.")). Attorney Gabriel

has not defended this case, has missed multiple deadlines, and has chosen not to explain his conduct to this Court.

In light of the conduct at issue and the complete lack of any attempt to explain the repeated and multiple failures to take proper action, the Court hereby **ORDERS** as follows:

1. The Court finds that attorney Andrew Gabriel has **FAILED** to discharge the December 3, 2024, Order to Show Cause.

2. Attorney Andrew Gabriel is **PERSONALLY SANCTIONED** in the amount of $350 (three hundred and fifty dollars), which shall be directly paid by him personally (and not by his clients) within **thirty (30) days** of the date of this Order, to the Clerk of the U.S. District Court for the Northern District of California. Attorney Gabriel **SHALL** attach a copy of this Order to his payment.

3. Attorney Andrew Gabriel is **ORDERED** to appear **IN PERSON** at a Further Order to Show Cause hearing set for **February 27, 2025, at 1:30 pm** in Courtroom F on the 15th Floor of the San Francisco federal courthouse. At this Further Order to Show Cause hearing, Attorney Gabriel is **ORDERED TO SHOW CAUSE** why the Court should not impose further sanctions, including but not limited to additional significant monetary sanctions, referral or self-reporting to both the Northern District of California's Standing Committee on Professional Conduct and to the California State Bar for attorney discipline, imposition of legal education requirements, and potential default judgment against his clients.

4. The Court **FINDS** that Attorney Andrew Gabriel has **WAIVED** his right to file a written response to this Further Order to Show Cause due to his failure to timely respond to the December 3, 2024, Order to Show Cause and his failures to appear at prior hearings. If Attorney Gabriel seeks leave to file a written response to this Order for the Court to consider prior to the February 27, 2025, Further Order to Show Cause hearing, Attorney Gabriel must file an *ex parte* motion conforming to Civil Local Rule 7-10 demonstrating good cause why the Court should grant him leave to file a written response to this Further Order to Show Cause. Any such *ex parte* motion **SHALL** be filed no later than February

12, 2025.

5. The Court further **ORDERS** Attorney Gabriel to report this sanction and provide a copy of this Order, within **ten (10) business days** of the date of this Order, to both of his clients in this case, including their owners, officers, and managing directors, by personal delivery or overnight express mail delivery service at their business addresses, as well as by contemporaneous email to their current email addresses. Within **three (3) business** days of completing the self-reporting as required in this paragraph, Attorney Gabriel is **ORDERED** to file a declaration under oath with the Court certifying that he has self-reported as required.

6. Plaintiff may at their option, but are not required to, attend the February 27, 2025, Further Order to Show Cause hearing. Corporate representatives of Defendants may also attend the February 27, 2025, Further Order to Show Cause hearing.

7. Attorney Gabriel is hereby on **NOTICE** that failures to abide by this Order, and failures to abide by any other Court Orders, failures to comply with the Civil Local Rules, the Federal Rules, or the Court's General and Standing Orders, and further failures to defend this case, shall result in further sanctions within the Court's broad discretion including possible terminating sanctions. Failure to appear at the February 27, 2025, Further Order to Show Cause hearing will result in immediate and significant sanctions.

**IT IS SO ORDERED.**

Dated: February 5, 2025

_____
PETER H. KANG
United States Magistrate Judge